# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOHN MAKAS, JR.,

    Plaintiff,

v.                                                                       CASE NO: 8:15-cv-2940-T-30MAP

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon the parties' Motions in Limine (Dkts. 33, 36) and respective Responses (Dkts. 38, 44). The Court, upon review of the motions, responses, and being otherwise advised in the premises, concludes that the motions should be granted in part and denied in part.

## DISCUSSION

**I.    Plaintiff's Motion in Limine[1]**

1. Plaintiff seeks the exclusion of certain evidence that he believes is either not relevant, or more prejudicial than probative as follows:

---

[1] For simplicity, the paragraphs correspond with the same paragraphs contained in Plaintiff's motion (Dkt. 33).

a) <u>Prior insurance claims</u>. Plaintiff argues that his medical records from a prior motor vehicle accident in 2013 are relevant, but objects to any reference to his insurance claim or settlement related to that prior accident. Defendant argues that the prior settlement is relevant to Plaintiff's claims in this case because Plaintiff stopped treatment after settling the claims regarding that accident. The Court concludes that the in limine request is granted to the extent that evidence regarding the amount of any settlement is irrelevant to the claims in this case. However, Defendant may introduce evidence related to Plaintiff's prior injuries and medical treatment stemming from that prior accident, which may include evidence related to when treatment for those prior injuries began and concluded, without discussing the amount of any settlement reached in that prior case.

b) <u>Use of recreational or street drugs "a long time ago</u>." Defendant agrees to this in limine request, which is thus granted.

c) <u>Prior bankruptcy filing</u>. Defendant agrees to this in limine request, which is thus granted.

d) <u>Fired from jobs in the past</u>. Defendant agrees to this in limine request, which is thus granted.

e) "<u>While a child, Plaintiff's father cheated on his mother all the time and told the kids, which included Plaintiff, not to tell</u>." Defendant agrees to this in limine request, which is thus granted.

f) <u>Strained relationship with teenage son</u>. Defendant agrees to this in limine request, which is thus granted.

g) <u>Separation and counseling with first wife, now deceased</u>. Defendant agrees to this in limine request, which is thus granted.

h) <u>Psychiatric notes/mental health records from 2001</u>. Plaintiff states that his mental health records from 2001 largely deal with Plaintiff's grief and depression related to his wife's death in 1999, and would be "unfairly prejudicial." Defendant counters that these records are relevant to Plaintiff's claim for mental anguish and diminished quality of life as a result of the subject accident. Defendant agrees to redact the portions of the records that reference Plaintiff's wife, as long as the Court does not permit any testimony related to Plaintiff's wife's death. Defendant argues that the portion of the medical records related to Plaintiff's diagnosis of depression due to pain from prior injuries is relevant and admissible. The Court agrees with Defendant and grants the in limine request in part: Plaintiff's mental health records may be admitted to the extent that they relate to prior injuries/accidents.

i) "<u>Applied for and ultimately received social security disability</u>." Plaintiff contends that he applied for and ultimately received social security disability more than a decade before the subject accident. He is not making any claim for lost wages or lost earning capacity. Plaintiff argues that any reference to his social security disability is irrelevant as well as unfairly prejudicial. Defendant counters that evidence related to his disability is relevant to prior injuries and Plaintiff's claim that he now suffers a diminished quality of life based on the subject accident. The Court agrees that this evidence is relevant to the extent that it relates to prior injuries and a diminished quality of life. Accordingly, the Court grants the in limine request in part: although this evidence may be admitted to the extent that it

relates to a prior injury or a diminished quality of life, Defendant shall not make any reference to "social security disability," or to the fact that Plaintiff is receiving money from social security.

2. <u>Dr. Eduardo Raheb's social security compulsory exam report from 2001</u>. Defendant responds that it does not intend to introduce this report. Accordingly, the in limine request is granted.

3. <u>Collateral sources to include health insurance, VA benefits, as well as any adjustments made by Plaintiff's doctors as a result of their agreement to accept collateral source payments for Plaintiff's medical care</u>. Defendant responds that it agrees to this limitation as long as the Court will apply the appropriate set offs post-verdict. The in limine request is granted under the condition that the Court will set off the verdict as appropriate.

4. <u>Settlement demand letters on prior insurance claims</u>. Defendant responds that it does not intend to introduce this evidence. Accordingly, the in limine request is granted.

5. <u>Amount of the underinsured motorist policy limits</u>. Defendant agrees to this in limine request, which is thus granted.

## II. Defendant's Motion in Limine[2]

1. <u>Uncontested negligence</u>. Defendant argues that it admitted that the tortfeasor negligently operated his motor vehicle at the time of the subject accident and, as such, Plaintiff should be barred from introducing evidence related to the circumstances of the

---

[2] For simplicity, the paragraphs correspond with the same paragraphs contained in Defendant's motion (Dkt. 36).

accident, including how it occurred. Plaintiff counters that, while liability is not at issue, causation of injuries from the subject accident are disputed. Plaintiff contends that Defendant may attempt to introduce photos of the property damage to the vehicles to argue that the accident was minor and unlikely to result in injury to Plaintiff. The Court grants Defendant's in limine request in part: although whether negligence occurred and the basic facts of the accident are irrelevant, evidence related to the severity of the accident/impact and/or evidence related to the damage to the vehicles at issue is relevant to Plaintiff's injuries, which may have stemmed from that accident.

2. <u>Unfair advantage</u>. Plaintiff agrees to this in limine request to the extent that it relates to any evidence related to the wealth of either party. Accordingly, this in limine request is granted.

3. <u>Opinions that exceed the scope of reports</u>. Plaintiff responds that he does not intend to elicit opinions not contained in the expert's report, although he is permitted to ask for an explanation of the report. The in limine request is denied as moot. The Court reminds the parties that it adheres to the Federal Rules of Evidence. Any expert testimony shall be in compliance with those rules and there is no need to issue a "follow the law" in limine order.

4. <u>Plaintiff's claim for future medical expenses</u>. Defendant argues that only medical expenses that are reasonably certain to be incurred in the future are recoverable. This is an inappropriate in limine request and, as such, it is denied as moot. Again, the Court follows the relevant substantive law. There is no dispute that, under Florida law, future medical expenses have to be reasonably certain. Without seeing the evidence related to Plaintiff's

purported future medical expenses, the Court cannot rule on this issue. The Court declines to issue a "follow the law" decree.

5. <u>Plaintiff's "treating physicians" should not be permitted to testify as to medical/injury causation, disability, and future medical expenses</u>. Defendant contends that Plaintiff has not disclosed an "expert" witness in this case and Plaintiff will be relying on his treating physicians to inappropriately opine on the issue of causation. Plaintiff counters that he produced a Rule 26 report from Dr. Webb, a treating physician, and does not intend to offer any opinions not contained in Dr. Webb's medical records or the Rule 26 report. Plaintiff does not anticipate calling as witnesses at trial, or by deposition, any other medical experts, but rather is going to offer the treating physicians' records as evidence at trial. In the unlikely situation where trial events require that a treating physician be called as a witness, Plaintiff agrees that the treating physician is limited to fact testimony and opinions that they arrived at in their treatment of the Plaintiff as reflected in their medical records. The Court reserves ruling on this issue. If this issue becomes relevant at trial, the parties may approach the bench and argue this matter at that time.

6. <u>Plaintiff's Veteran status</u>. Defendant states that the property damage photographs of Plaintiff's vehicle prominently display a bumper sticker that says "Semper Fi United States Marines," a license plate border that says "U.S. Marine Corps," and another colored bumper sticker that is a commonly known symbol for Gulf War Veterans. Defendant requests redaction of those portions of the photographs because Plaintiff's Veteran status is more prejudicial than probative. Plaintiff counters that he is a retired marine who obtains

substantial medical care via the Veteran's Administration ("VA") at the VA hospital or at outside facilities paid for by the VA. Plaintiff also volunteers at the VA. Plaintiff anticipates that the VA medical records from before and after the subject accident will be admitted into evidence. As such, the jury will already be on notice of his status as a Veteran. The Court concludes that the stickers on the vehicle are not so prejudicial that they require redaction. As Plaintiff points out, redacting the stickers could lead the jury to believe that they contained something inappropriate or vulgar. The in limine request is denied.

It is therefore ORDERED AND ADJUDGED that the parties' Motions in Limine (Dkts. 33, 36) are granted in part and denied in part as explained herein.

**DONE** and **ORDERED** in Tampa, Florida on March 3, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record